**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:11-cv-00127-MR
[Criminal Case No. 3:08-cr-00259-RJC-DCK-1]**

| | |
|---|---|
| LORETTA BLAKENEY-HERRON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ \_\_\_\_ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

**PROCEDURAL HISTORY**

On May 22, 2009, Petitioner pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349 (Count 1), and aggravated identity theft and aiding and abetting the same, in violation of 18 U.S.C. §§ 1028A and 2 (Count 11). [Criminal Case No. 3:08-cr-00259, Doc. 113: Plea Agreement; Doc. 120: Acceptance and Entry of Guilty Plea; Doc. 246: Judgment;]. The plea agreement set forth the maximum penalty Petitioner faced for each charge. [Id., Doc. 113 at ¶ 4]. As part of the agreement, Petitioner also agreed to waive all rights to contest the

conviction or sentence in an appeal or collateral attack, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 21].

At the Rule 11 hearing before a Magistrate Judge on May 22, 2009, Petitioner acknowledged that she was under oath; that she understood the maximum penalty for each charge; that the Court would impose a sentence within the statutory limits and that the sentence could be greater or less than the sentence provided for by the sentencing guidelines; that she was in fact guilty of these counts; that her plea was voluntary and not the result of coercion; and that she understood the terms of her plea agreement, including waivers. [Id., Doc. 120]. At the conclusion of the hearing, the Magistrate Judge accepted Petitioner's plea as knowingly and voluntarily made. [Id. at 5].

At the sentencing hearing before this Court on April 7, 2010, Petitioner reaffirmed that the answers she gave at the Rule 11 hearing were true, and this Court accepted Petitioner's guilty plea as knowing and voluntary. With a total offense level of 28 and a criminal history category of VI, Petitioner faced an advisory guideline range of 140 to 175 months, plus two years for Count 11 to run consecutively. [Id., Doc. 218 at 23: PSR]. On April 6, 2010, the Court sentenced Petitioner to 125 months on Count 1,

plus 24 months on Count 11 to run consecutively, totaling 149 months of imprisonment. [Id., Doc. 246: Judgment].

Petitioner filed this action within one year of her criminal judgment becoming final, and therefore this Petition is timely. In her first ground, Petitioner contends that her due process rights were violated because the crimes to which she pled guilty were "misrepresented to Petitioner in terms of what a 'scheme or artifice to defraud' meant in the wire fraud statute and what elements the government must prove in order to sustain a guilty plea of 1028A. Petitioner had been misinformed about the essential elements of the crimes to which Petitioner pled guilty." [Doc. 1 at 2]. In her second ground, Petitioner contends that she is actually innocent of the conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, because she did not receive any bribes or kickbacks in the alleged scheme. Petitioner also contends that her conviction for aggravated identity theft under 18 U.S.C. § 1028A should be vacated because "the government did not prove that Petitioner knew that the identification at issue was of a real person." [Id. at 2].

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any

attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Neither of Petitioner's two claims is cognizable because Petitioner knowingly and voluntarily waived her right to collaterally challenge her sentence in her plea agreement, except for claims of ineffective assistance and prosecutorial misconduct. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Here, although Petitioner suggests that the Government did not explain to her the essential elements of the crimes to which she was pleading guilty, she has not shown that her plea was either unknowing or involuntary. During the Rule 11 colloquy, she swore under oath that she understood the charges to which she was pleading guilty, as well as the consequences of her plea, including the

4

waiver of her right to challenge her sentence in a Section 2255 post-conviction proceeding.  Furthermore, the indictment clearly set forth the essential elements of the crimes for which Petitioner was charged.[1]  See [Criminal Case No. 3:08cr259, Doc. 3: Sealed Indictment].  Finally, as to Petitioner's contention that the Government did not prove the elements of each count against Petitioner beyond a reasonable doubt, this contention is without merit, as Petitioner agreed in the plea agreement that she was in fact guilty on both counts alleged in the indictment.  [Id. Doc. 113 at 1].

In sum, Petitioner has not shown that the waiver in her plea agreement was not knowing or voluntary.  Petitioner's two grounds for relief do not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct.  Accordingly, neither of the exceptions to the waiver in her plea agreement applies, and Petitioner's Motion to Vacate must be dismissed.[2]

---

[1]  Section 1343 provides in relevant part that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses . . . shall be fined under this title or imprisoned not more than 20 years, or both.  Petitioner appears to be claiming in part that she was not notified of the essential elements of 18 U.S.C. § 1343 because the indictment contained the phrase "a scheme and artifice to defraud," whereas the language of the statute is "a scheme or artifice to defraud."  [See Doc. 1 at 2].  This contention is without merit, as Petitioner was clearly notified of the essential elements of Section 1343.

[2]  The Court also notes that Petitioner did not sign the petition under penalty of perjury.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 6, 2013

Martin Reidinger
United States District Judge